PONDER, Judge.
The mother of a minor child appealed the trial court’s decision ordering that the minor be placed for an indefinite period on supervised probation with the Division of Youth Services and that she be processed through the East Baton Rouge Parish school system and placed in a structured educational environment.
We affirm.
Dottie Gardner, age fourteen, was arrested on October 14, 1981, on three counts of battery and one count of disturbing the peace at a Hammond school where she was enrolled in special education classes. Testimony indicated that a dispute arose between Dottie and her teacher, which resulted in a physical struggle between Dottie and the teacher, a janitor and the principal. The police arrested the minor but were unable to locate her mother. A custody hearing was held the same day and the trial judge ordered that Dottie be placed at a shelter care facility and that a physical examination and educational evaluation be conducted.[1]
*1254 A continued custody hearing was held on October 19, 1981, and both the juvenile and her mother were present and represented by appointed attorneys. A technician from the Division of Youth Services recommended that Dottie have a psychiatric and psychological examination and be. evaluated for placement outside the home.[2] The coordinator for the Emergency Shelter Program testified that Dottie had been physically abusive in the homes she had recently visited and recommended Southeast Louisiana Hospital (Southeast) for evaluation and treatment. Other testimony indicated that Mrs. Gardner had not been cooperative in allowing Dottie to be reevaluated so her educational needs could be met.
The trial court ordered that the child be placed in Southeast, examined by a psychiatrist under La.C.J.P. art. 61[3] and be evaluated to determine her educational needs.
At the next hearing, January 27, 1982, after an explanation of her rights and the charges against her, Dottie pled not guilty and not guilty by reason of insanity to all counts. A continued custody hearing was then conducted at which the doctor treating Dottie testified that she had improved, but her evaluation would take several more days. He testified that there had been problems with visits from Dottie’s mother because of her antagonistic attitude.
A representative of the Youth Services Bureau testified that there were no facilities that could take custody of the child and provide her with the special schooling recommended ,by the doctor.
The trial court ordered that the minor remain in the custody of Southeast pending the next hearing.
On February 24, 1982, evidence was received on the charges brought against the juvenile. The trial judge found that the minor could distinguish right from wrong, and was guilty on all four counts and was a child in need of supervision. A disposition hearing was begun, but continued for sixty days to allow time to determine if Dottie’s needs would be met by attending the C.M. Fagan School near her home. The judge ordered Dottie’s mother to meet the director of special education for Tangipahoa Parish the following day to sign the necessary forms.
Mrs. Gardner never attended the meeting; a motion for contempt was served on her March 1,1981; she then failed to attend the hearing on the show cause order. The trial judge later issued an instanter attachment on Dottie and her mother.
On May 3, 1982, a hearing was held to make provisions for the juvenile, as her mother was in jail on the contempt charge. The court reset the matter and placed Dot-tie temporarily in a shelter home.
On May 17, 1982, the trial court found Mrs. Gardner guilty of contempt and ordered her to remain in jail until she exonerated herself by placing her child in an appropriate school.
A hearing was held on May 26 to determine the proper disposition for Dottie and to allow Mrs. Gardner to exonerate herself from the contempt sentence. Dottie had *1255 been in a group home placement since May 4, and was doing well. The representative of the Division of Youth Services recommended that Dottie be sent home on supervised probation and that she should attend an appropriate school in East Baton Rouge Parish. The judge ordered that the child be processed through the Tangipahoa and East Baton Rouge Parish school systems so she could be placed in a structured educational facility in East Baton Rouge Parish, that would fit her needs. She was to remain on supervised probation for an indefinite period. The court deferred any further execution of the contempt charge against Mrs. Gardner until August when the child would be enrolled in the appropriate school.
The next hearing was set for August 25, 1982 but Dottie and her mother were not given notice because, evidently, the home the Gardners were living in had burned down and the authorities had been unable to locate them.
At the time of Mrs. Gardner’s appeal, there was an outstanding contempt sentence for not obeying the orders and stipulations of the May 26, 1982 hearing.
On appeal, Mrs. Gardner, who is representing herself, raises numerous issues including false accusation, slander, negligence, obstructing justice, kidnapping, false arrest, fraud, malpractice and civil rights violations.[4] Most of these issues are improperly raised by this appeal but after a thorough review of the record, we find no evidence to support them.
Although not specifically raised by Mrs. Gardner, we find that the juvenile’s rights were protected throughout all proceedings. She was represented by counsel at all hearings she attended and prior to answering the petition was advised of her rights, the charges against her, possible consequences, and the nature of the proceedings. C.J.P. art. 54.[5]
There was sufficient evidence presented at the custody hearing conducted on October 14 for the trial judge to find that a release to Dottie’s mother would be inappropriate and a sufficient showing was made at the second hearing that the child’s mother had refused to provide the education necessary. La.C.J.P. arts. 37(C) and 40(6).[6] We do find that following that hearing and placement at Southeast, Dottie should have remained under the supervision of the court rather than placed in the custody of the Department of Health and Human Resources. La.C.J.P. art. 41(C).[7] *1256 However, that error is harmlessly moot at this stage of the proceedings.
The extensions granted for the child to answer the petition, so that testing could be completed were for good cause. La.CJ.P. art. 53(B).[8] It was also within the court’s power to find Mrs. Gardner in contempt for failing to comply with its lawful order. La. C.J.P. art. 20.[9] We find that the trial judge did everything possible to protect and provide for the best interest of the minor.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. Dottie had been evaluated in 1977 as a special education student and needed to be reevaluated to remain in special education. Her mother would not agree to the reevaluation.

. Her opinion was based in part on her conversations with Dottie in which Dottie had stated that she was afraid of her mother and that her mother beat her.

. La.C.J.P. art. 61:
A. On its own motion or on the motion of the child or district attorney, the court may order any child concerning whom a petition has been filed to be examined by a physician.
B. On its own motion or on the motion of the child or district attorney, after a contradictory hearing and a showing of good cause, the court may order any child alleged to be in need of supervision or care to be examined by a psychologist or psychiatrist.
C. On motion of the child, the court may order a child concerning whom a petition has been filed, to be examined by a psychologist or a psychiatrist.
D. Any examination as herein provided shall be made and the findings submitted to the court within thirty days of the date the order is entered. Such period may be extended by the court for good cause.
E. Copies of any reports of findings submitted to the court shall be available to counsel for all parties.
F. Nothing contained in this Article shall amend R.S. 13:1583(C).

. Evidently Mrs. Gardner also had a suit pending in the United States District Court, Eastern District, entitled Gardner v. Kopfler, No. 81-4606, and that suit was ultimately dismissed by the United States Fifth Circuit Court of Appeals.

. La.C.J.P. art. 54:
When the child appears to answer the petition, insofar as practicable, the court shall advise the child of:
(1) The nature of the proceedings in terms understandable to the child;
(2) The nature of the allegations in terms understandable to the child;
(3) The possible consequences of his admission that the allegations are true, in terms understandable to the child;
(4) His right to an adjudication hearing;
(5) His right to be represented by an attorney, and of his right to have counsel appointed as provided in Article 95; and
(6) His privilege against self-incrimination if the petition requests that he be adjudicated a delinquent.

. La.C.J.P. art. 37C and 40(6):
[[Image here]]
C. If the court finds that release under Paragraphs A or B is not appropriate, the court may authorize the continued custody of the child pending a hearing.
Art. 40.
The court may authorize continued custody of a child prior to adjudication if there are reasonable grounds to believe that:
⅜ ⅜ * ⅜: ⅜; ‡
(6) The parents of the child have neglected or refused, when able to do so, to provide support, education, medical, or other care necessary for his well-being; or * * *.

.La.C.J.P. art. 41C:
Following a hearing, the court may order any child whose continued custody is authorized pursuant to Article 40 placed in a public or private facility or in a private home subject to the supervision of the court. In no event shall the court place a child in the custody of the Department of Health and Human Resources who has not yet been adjudicated as a delinquent or a child in need of supervision.

. La.C.J.P. art. 53B:
A child continued in custody shall be ordered to appear to answer a petition within five days after the filing of the petition if the petition requests that the child be adjudicated a delinquent or in need of supervision. For good cause, the court may extend such period.

. La.C.J.P. art. 20:
Any person who willfully violates, neglects or refuses to obey or perform any lawful order of a court may be proceeded against for contempt of court, and contempt proceedings shall be conducted in accordance with the provisions of Articles 221 through 227 of the Code of Civil Procedure. This general contempt authority shall not detract from or prevent application of specific contempt provisions stated in R.S. 13:1590 or in other provisions of this Code or of the Revised Statutes.